**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MELINDA DALE,** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. [_____]** |
| | § | **Jury Demanded** |
| **BAYER MATERIALSCIENCE LLC,** | § | |
| **Defendants** | § | |

---

### PLAINTIFFS' ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

MELINDA DALE (Plaintiff) files this original complaint against BAYER MATERIALSCIENCE LLC ("Bayer" or "Defendant") and for cause of action would show the following:

### I.
### PARTIES

1.      Plaintiff, Melinda Dale, is an Individual and citizen of Harris County, Texas, who resides at 19811 Letchfield Hollow Dr., Spring, Texas 77379.

2.      Defendant, Bayer, is a foreign limited liability company formed in Delaware. Defendant may be served with notice of this suit by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3.      At all times relevant hereto, Plaintiff was employed at the Bayer offices located at 2400 Spring Stuebner Rd., Spring, TX 77389.

4.      At all times relevant hereto, Bayer was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of Bayer.

## II.
## JURISDICTION AND VENUE

5.      The action arises under a federal question as hereinafter more fully appears.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1331 and 1391 (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and it is the district in which the Defendants' business is located and operated.

7.      All conditions precedent to filing this lawsuit have been performed or have occurred.[1]

## III.
## FACTS

8.      Plaintiff was employed by Bayer from February 2002 to February 27, 2012[2].  She held the position of procurement.

9.      Throughout her employment with Defendant, Plaintiff performed her duties and responsibilities with the utmost care and professionalism.  Plaintiff was a model employee who had incurred only one (1) write-up in her entire 10-year tenure with Defendant.  The write-up occurred on March 31, 2009 because Plaintiff worked on a Sunday to make-up time she missed during the week to care for her son who had surgery that week.  Plaintiff was told at that time that Bayer "isn't a place for working Moms."

---

[1] Plaintiff recently filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and Texas Workforce Commission Civil Rights Division (TWC-CRD), and reserves the right to amend this lawsuit to add all causes of action related to the claims asserted within that charge of discrimination once Plaintiff receives her right to sue letter from the EEOC and/or TWC-CRD.and Texas Workforce Commission Civil Rights Division (TWC-CRD), and reserves the right to amend this lawsuit to add all causes of action related to the claims asserted within that charge of discrimination once Plaintiff receives her right to sue letter from the EEOC and/or TWC-CRD.

[2] Plaintiff worked for Everest Castings, Inc., which was assumed by Bayer in March 2004.

10.     Plaintiff received no other complaints or disciplinary procedures until she was required to take leave pursuant to the Family Medical Leave Act ("FMLA") to care for her child and she complained about the discrepancies in pay and responsibilities between her and her male counterparts.

11.     In January 2011, Plaintiff's job description and manager were changed such that she then reported to the Head of Procurement in Pittsburgh, as opposed to reporting to a supervisor at her location in Spring, Texas.  She was also still expected to report to Mr. Chris Hazen on the aspects of her job which dealt with "safety," although she was unaware of this reporting requirement.  The new arrangement was not listed on her promotion letter or job description letter.

12.     On July 29, 2011, Mr. Hazen placed Ms. Dale on a performance improvement plan ("PIP").  During the meeting, Mr. Hazen and Ms. Lewis informed Ms. Dale that her job description was split between two departments and two managers and this was a unique situation for Bayer.  Prior to this meeting, Mr. Hazen told human resources that he did not supervise Plaintiff and took no responsibility for her position.

13.     Mr. Hazen consistently required Plaintiff to perform job functions that were outside the realm of her job description and qualifications.  Plaintiff was required to train employees on safety and run safety meetings when she had no prior experience or training in the safety issues she was required to teach.  When Plaintiff requested assistance with and training for her position, Mr. Hazen offered none.

14.     Plaintiff reached out to Mr. Hazen via email to recap meetings and ensure she was following proper instruction and was reprimanded by Mr. Hazen for emailing him after the meetings.

15.     Plaintiff was often required to perform many additional duties that she was told were part of her job.  She had a male counterpart, Mr. Fisher, in Phoenix, Arizona whose job description was identical to Ms. Dale's.  Yet, Mr. Fisher was not required to perform the same duties.  Mr. Fisher's salary was higher than Plaintiff's salary. Plaintiff inquired as to why Mr. Fisher did not have the same tasks and responsibilities that she did when they had the same position, but was paid more than her, she was told "it's different for Mr. Fisher and we are not going to discuss his job with you."

16.     Plaintiff is the mother of two children.  During her employment with Bayer, Plaintiff's child presented symptoms of autism.  Plaintiff required time off intermittently to assist her child with this newly diagnosed disability.

17.     Plaintiff requested leave on or about September 12, 2011, pursuant to the FMLA. Defendant informed Plaintiff upon her return from FMLA leave that her initial PIP did not run concurrently with her five weeks of FMLA leave.

18.     Plaintiff was instructed to remain following the PIP guidelines, while HR and management decided on what date the PIP was to restart.  The PIP was restarted and stopped a number of times at Defendant's discretion, and ultimately, Plaintiff was subjected to an abnormally long 213-day PIP that was originally a 60-day PIP.

19.     On February 17, 2012, Plaintiff became physically ill and was unable to attend a scheduled meeting.  There are witnesses to her vomiting in the restroom prior to the meeting.

Upon Plaintiff's return from the restroom, Mr. Hazen was sitting outside Plaintiff's office and stated they needed to call Mr. Botta and Ms. Stewart immediately.  Mr. Botta and Ms. Stewart informed Plaintiff that she was suspended for "missing the meeting" and informed her that she must leave the premises immediately.

20.    On March 3, Plaintiff was swiftly terminated for insubordination without allowing for the usual process that would otherwise be involved in addressing perceived insubordination issues.

21.    Plaintiff reported incidents of discrimination and retaliation she suffered from Mr. Hazen to Bayer management (including human resources and Ombudsman) a number of times.

**IV.
CAUSES OF ACTION**

**COUNT NO. 1 – INTERFERENCE AND RETALIATION UNDER THE FMLA**

22.    Plaintiff reasserts and incorporates by reference all of the facts set forth in the above numbered paragraphs.

23.    Plaintiff is an eligible employee within the meaning of the FMLA.  Plaintiff was employed with Defendant for well over twelve months and for at least 1,250 hours of service during the preceding twelve month period.

24.    Defendant is an employer within the meaning of the FMLA.  Defendant is engaged in commerce or in an industry or activity affecting commerce and employs fifty or more employees for each working day during each of the twenty or more calendar work weeks in the current or preceding calendar year.

25.     Plaintiff was entitled to up to twelve work weeks of leave due to a serious health condition, which was well documented by Plaintiff's health care providers.

26.     Plaintiff would show that Defendant intentionally interfered with, restrained, and denied the exercise of rights provided under the FMLA by refusing to grant Plaintiff's request for leave, demoting Plaintiff, reducing Plaintiff's income, denying Plaintiff benefits, and refusing to restore Plaintiff to the position or compensation she held before her request for leave.

27.     Plaintiff would further show that Defendant intentionally discriminated against Plaintiff because of her opposition to unlawful practices in violation of the FMLA by demoting Plaintiff, reducing Plaintiff's income; and denying Plaintiff benefits.

28.     Defendants conduct was an intentional and willful violation of the FMLA. Accordingly, Plaintiff is entitled to an award of liquidated damages within the meaning of the FMLA.

## COUNT NO. 2 - EQUAL PAY ACT

29.     Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

30.     Defendant employed Plaintiff and a male employee in jobs requiring substantially equal skill, effort, and responsibility.

31.     The Plaintiff's job and the male employee's job were performed under similar working conditions in an office setting.

32.     Plaintiff was paid a lower wage than the male employee doing substantially equal work.

33. As a result Ms. Dale suffered damages including general compensatory damages, back pay for the past three (3) years because Bayer's violation was willful, and liquidated damages.

## V.
## DAMAGES

34. Plaintiff sustained damages as a result of the actions and/or omissions of Defendant described herein.  Accordingly, Plaintiff is entitled to an award of actual and compensatory damages in an amount that exceeds the minimum jurisdictional limits of this Court, including, but not limited to, lost wages and benefits in the past and future; mental anguish and emotional pain and suffering in the past and future; physical impairment in the past and future; medical expenses in the past and future, together with pre-judgment and post-judgment interest as allowed by law.

35. Additionally, as a result of Defendants' above-referenced actions and/or omissions, Plaintiff was required to retain counsel.  Accordingly, Plaintiff also seeks compensation for the attorney's fees, as well as out-of-pocket expenses and costs of Court she will have incurred in this action.

## VI.
## EXEMPLARY DAMAGES

36. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.  In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

**VII.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Melinda Dale, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**KENNARD LAW P.C**

_/s/ Alfonso Kennard, Jr._
Alfonso Kennard Jr.
Attorney-in-Charge
Texas Bar No. 24036888
Southern District Bar No: 713316
150 West Parker Road
Sixth Floor
Houston, Texas 77076
(713) 742-0900  (main)
(713) 742-0951  (fax)

**ATTORNEY FOR PLAINTIFF**
**MELINDA DALE**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**